Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 6567 | DATE | 5/8/2001 |
| CASE TITLE | | Jackson vs. Boyd | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, Gregory Jackson's Petition for a writ of habeas corpus is dismissed. Enter judgment in favor of respondent. On the Court's motion, Jackson is granted leave to proceed on appeal in forma pauperis, but the Court declines to issue a certificate of appealability.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 0 9 2001 | |
| ✓ | Docketing to mail notices. | | date docketed | 24 |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | |
| OR | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. GREGORY JACKSON, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM BOYD, <br><br> Respondent. | Case No. 99 C 6567 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Gregory Jackson attempted in broad daylight to rob a woman at gunpoint while wearing a nylon stocking over his head. Two policemen nabbed Jackson as he was walking away from the scene and arrested him on the spot. They searched Jackson and found a gun; they later found two hypodermic needles on him. At trial, Jackson testified that he had a serious drug problem and that he was so high the afternoon of the robbery, having injected about a quarter of a gram of heroin and about a gram of cocaine, that he was utterly out of his mind and incapable of acting rationally. He also tried to introduce the testimony of a forensic psychiatrist about the pharmacological effects of heroin and cocaine, specifically how they affect one's capacity to reason. But the state moved *in limine* to bar the expert from testifying, and after the expert admitted that he had no way of saying whether drugs actually affected Jackson's reasoning abilities on the day of the robbery, the trial court granted the state's motion; the court also refused Jackson's request for a voluntary intoxication/drugged condition jury instruction, which would have advised the jury that Jackson's conduct could be excused if his drug use was "so

extreme as to suspend the power of reason and render him incapable of forming [the] specific intent" to commit the crime with which he was charged. *See* Illinois Pattern Jury Instructions, Criminal, No. 24-25.02 (eff. Jan.1, 1988). The jury convicted Jackson of attempted armed robbery, and because Jackson had committed another class 1 felony within ten years of this one the trial judge imposed an extended-term sentence of 25 years in prison.

Jackson appealed, arguing that the trial court erred when it refused to give the voluntary intoxication/drugged condition instruction and when it refused to allow Jackson's forensic psychiatrist to testify; Jackson also challenged his sentence as excessive. The appellate court affirmed, and Jackson filed a petition for leave to appeal to the Illinois Supreme Court raising the same three issues. After the court denied the PLA, Jackson filed a *pro se* petition for post-conviction relief challenging Illinois' Alcohol and Other Drug Dependency Act, which allowed drug addicts convicted of certain non-violent offenses to serve their sentences in a drug treatment facility rather than a prison; he argued that the limitation to non-violent offenses violated equal protection. Jackson also argued that his trial attorney was ineffective for failing to present more evidence of his drug addictions. The trial judge dismissed the petition as frivolous. Jackson then filed a second petition for post-conviction relief, arguing that his trial attorney was ineffective because he was being investigated by the ARDC and was therefore distracted to the point where his representation fell below an objective standard of reasonableness. Jackson also appealed the decision to deny him post-conviction relief. His appointed appellate attorney filed a motion to withdraw under *Pennsylvania v. Finley*, and Jackson responded, raising the same issues outlined in his original post-conviction petition; he did not raise the issue of his attorney's problems with the ARDC, though he did raise the same deficiencies he alleged were caused by the distraction

resulting from the ARDC investigation. The appellate court granted counsel's *Finley* motion and affirmed the trial court's denial of post-conviction relief. Jackson filed a petition for leave to appeal to the Illinois Supreme Court, and this PLA was denied as well. Jackson then filed a petition for habeas corpus relief with this Court.

## ANALYSIS

A. <u>Noncognizable Claims</u>

Jackson raises two issues in his petition that cannot form the basis for habeas corpus relief. First, Jackson claims that he is entitled to relief because the attorney who represented him on appeal from the denial of his post-conviction petition was ineffective. The habeas corpus statute expressly states that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. §2254(i). *See also Anderson v. Cowan*, 227 F.3d 893, 901 (7th Cir. 2000) ("[A] criminal defendant does not have a constitutional right to counsel to pursue discretionary state appeals"; "[i]n proceedings in which a petitioner does not have a constitutional right to counsel, 'a petitioner cannot claim constitutionally ineffective assistance of counsel . . . .'") (quoting *Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991)).

Second, Jackson claims that the sentence imposed by the trial court (25 years) was excessive given his age and potential for rehabilitation. The trial court found that Jackson was eligible for an extended-term sentence under 730 ILCS 5/5-8-2 because he had committed an earlier class 1 felony within ten years of this conviction; the statute provided for a sentence of not less than 15 years and not more than 30 years, 730 ILCS 5/5-8-2(a)(3) (West 1994), and the judge sentenced him within that range. Jackson has not disputed the earlier felony; nor does he

3

argue that his sentence was "grossly disproportionate" to the crime or "fundamentally unfair" because of a constitutional error, which means this claim is beyond the province of federal habeas review. *See Koo v. McBride*, 124 F.3d 869, 875-76 (7th Cir. 1997) (federal courts in habeas proceedings will only review a state sentencing determination that is extreme and "grossly disproportionate" to the crime; sentencing determinations within the statutory range are reviewable only when the petitioner can demonstrate that the "sentencing court lacked jurisdiction ... or committed a constitutional error making the sentence fundamentally unfair"); *United States ex rel. Sluder v. Brantley*, 454 F.2d 1266, 1269 (7th Cir. 1972) (the severity of a sentence, which otherwise falls within the limits set by Illinois law, is not a sufficient ground for relief in federal habeas corpus proceedings).

B.  Procedural Default

Jackson argues that his attorney's representation was constitutionally deficient because the attorney was being investigated by the ARDC during the time he was representing Jackson. The state argues that this claim is procedurally defaulted, and the Court agrees. Jackson raised these issues in his second petition for post-conviction relief, but he failed to raise them in his PLA. In other words, he failed to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Accordingly, Jackson may obtain relief on this claim "only upon a showing of cause and prejudice for the default or upon a showing that the failure to grant him relief would work a fundamental miscarriage of justice." *Thomas v. McCaughtry*, 201 F.3d 995, 999 (7th Cir. 2000). Jackson has not demonstrated cause for failing to make a timely challenge on this issue; Jackson argues that he could not have known

4

about the ARDC investigation because his attorney never told him, but Jackson certainly knew that his attorney failed to present the evidence Jackson thinks should have been presented, which is at bottom what this claim is about. Nor has Jackson demonstrated prejudice; being the subject of an ARDC investigation does not make an attorney *per se* ineffective, and Jackson is not prejudiced by being denied a chance to elaborate on his speculation as to what caused his attorney to perform unreasonably. Moreover, as we note below, the attorney's failure to present additional evidence of Jackson's addictions--whether caused by his being distracted by the ARDC investigation or by something else--was not objectively unreasonable given the evidence presented. Jackson does not argue the fundamental miscarriage of justice exception; rightfully so, as the issues Jackson raises do not bear on innocence. *See Thomas*, 201 F.3d at 999 (for the miscarriage of justice exception to apply, petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent.") (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

C.  Jackson's Remaining Claims

Under the Anti-terrorism and Effective Death Penalty Act "state court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Williams v. Taylor*, 529 U.S. 362, 389 (2000). We may issue a writ of habeas corpus only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the state court's adjudication "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(1), (2). As we explain below, none of these is true in

5

Jackson's case.

Jackson first claims that the trial court violated his constitutional rights when it refused to give IPI (Criminal) 24-25.02 and when it barred his expert from testifying about the effects of cocaine and heroin on a person's ability to reason. The Illinois appellate court affirmed the trial court's refusal to give a voluntary intoxication instruction because it found that Jackson's testimony and his conduct the day of the incident showed that he acted, not as someone whose powers of reasoning had been suspended, but as someone who formulated a plan to steal money and attempted to carry it out; in other words he acted with purpose. *See* Respondent's Exhibit C (*People v. Jackson*, No. 1-95-2031, at 2, 4-6 (Ill. App. Oct. 8, 1996)). Given the testimony adduced at trial--notably Jackson's testimony and that of the officer who arrested and interviewed him at the scene--we cannot say that the failure to instruct the jury on the availability of the voluntary intoxication defense violated Jackson's constitutional rights: the trial testimony belied any claim by Jackson that his drugged condition was "so extreme as to suspend the power of reason," which is what IPI (Criminal) 24-25.02 required; rather, the evidence showed that Jackson targeted his victim as she left a bank, followed her a while and then found a way to get her to stop her car before pulling a gun and demanding her money; immediately after the botched robbery he told the police exactly what he had been doing, what he had planned and why. *See United States ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1135 (7th Cir. 1990) (the failure to give a voluntary intoxication instruction cannot give rise to a constitutional error when the record indicates that the defendant acts with any purpose or rationality). Moreover, given the trial testimony, any error resulting from the trial court's failure to instruct the jury on this issue would have been harmless; the Court has no reason to believe that the jury would have been persuaded,

6

even if given an instruction on voluntary intoxication, that when Jackson attempted to rob his victim his power of reason had been suspended because of his drug abuse. *See Everette v. Roth*, 37 F.3d 257, 261-62 (7th Cir. 1994).

Nor do we have any basis to grant Jackson relief based on his claim that the trial court erred in barring Dr. Stipes, the forensic psychiatrist, from testifying. On this issue the appellate court affirmed the trial court's decision because it found that any opinion Stipes might offer about Jackson's state of mind at the time of the robbery would have been pure speculation and because Stipes said Jackson's actions preceding the offense showed that he was thinking rationally. Respondent's Exhibit C, at 7. In an offer of proof, Stipes testified that he would be unable to say whether Jackson's reasoning capacity was impaired when he attempted the armed robbery unless he actually saw him at the time, which of course he did not; he also testified that Jackson's testimony and that of the police officer who interviewed him at the crime scene suggested that Jackson's power to reason had not been suspended. We therefore cannot say that the exclusion of Stipes' testimony was so arbitrary or irrational as to deny Jackson due process. *See Burrus v. Young*, 808 F.2d 578, 580-81, 584 (7th Cir. 1986) ("Because the admissibility of evidence in state court is a matter of state law, evidentiary questions are not subject to federal review under §2254 unless there is a resultant denial of fundamental fairness or the denial of a specific constitutional right"; evidentiary errors will not provide the basis for habeas corpus relief unless "the asserted error was so 'gross,' 'conspicuously prejudicial,' or otherwise of such magnitude that it fatally infected the trial and failed to afford the petitioner the fundamental fairness which is the essence of due process.") (citations omitted). *See also Sharlow v. Israel*, 767 F.2d 373, 377-78 (7th Cir. 1985) (the exclusion of testimony that is not exculpatory does not

violate the Constitution).

Jackson next claims that the Illinois Alcohol and Other Drug Dependency Act's exclusion of violent offenders is unconstitutional.[1] Jackson raised this claim in his post-conviction petition, and the trial court rejected it, concluding that it was the legislature's prerogative to exclude violent offenders from the Act. *See* Respondent's Exhibit G, Transcript of proceedings on denial of post-conviction relief, at A-6. This decision is consistent with Supreme Court precedent, notably *Marshall v. United States*, 414 U.S. 417 (1974), which upheld the constitutionality of the Narcotic Addict Rehabilitation Act of 1966, a federal statute similar to the Illinois statute Jackson challenges in that it allowed drug addicts convicted of certain crimes to serve their sentences in a rehabilitation facility rather than a penitentiary and excluded certain categories of felons (those with 2 or more prior felony convictions) from being eligible for the alternate confinement arrangements.

Finally, Jackson claims that his trial attorney was constitutionally ineffective when he failed to present evidence of Jackson's drug addictions at trial and at sentencing. Jackson contends that his attorney should have called Julius Jackson, Renard Jackson, Louis Jackson, Herbert Porter, Gwendolyn Heard, Sharon Deveux, Tommy Heard, Derrel Anderson and Forrest Jackson. Jackson does not say what these witnesses would have said if called, though he does indicate that they "possessed exculpatory testimony in support of petitioner's drug addiction to cocaine and heroin." *See* Petitioner's Reply, p. 6. In ruling on Jackson's petition for post-

---

[1] Under the Act, as it existed when Jackson was sentenced, a drug addict charged with or convicted of a crime could receive treatment under the supervision of a licensed program in lieu of serving time in a state penitentiary; addicts who committed crimes of violence, however, were ineligible.

8

conviction relief, the trial court concluded that counsel's failure to introduce additional evidence of Jackson's drug addictions did not amount to ineffective assistance of counsel because Jackson's addictions were not disputed. The only question, according to the judge, was whether his drug use was so extreme that a voluntary intoxication instruction was warranted, and this additional evidence, in the trial judge's eyes, would not have affected his decision to refuse the instruction. *See* Respondent's Exhibit G, Transcript of proceedings on denial of post-conviction relief, at A-8. The Court finds that this decision was consistent with the United States Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984); evidence of Jackson's addictions was already before the jury, and nothing in Jackson's petition suggests that more evidence of his addictions would have changed the result of the proceeding.

## CONCLUSION

For the reasons explained above, Gregory Jackson's Petition for a Writ of Habeas Corpus is dismissed. The Clerk is directed to enter judgment in favor of respondent. Additionally, on the Court's motion, Jackson is granted leave to proceed on appeal *in forma pauperis*, but the Court declines to issue a certificate of appealability; the Court can find nothing to suggest that the merits of the claims that were rejected are debatable, capable of different resolution, or deserving of further consideration. *See* 28 U.S.C. §2253(c)(2); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *Porter v. Gramley*, 1212 F.3d 1308, 1312 (7th Cir. 1997).

Dated: May 8, 2001

MATTHEW F. KENNELLY
United States District Judge